IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES NICHOLS AND | § | |
| JACQUELINE NICHOLS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0824 |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND JEFFREY ROBERTS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is a suit to recover insurance proceeds and damages under the Texas Insurance Code, §§ 541.055, 541.056, 541.058, and 541.060. The defendant, Nationwide Property and Casualty Company, timely removed and filed a verified plea in abatement. (Docket Entry No. 6).[1] Nationwide argues that the plaintiffs violated the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give the defendant prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. Nationwide asked this court to abate the suit until the 61st day after Mr. and Mrs. Nichols provided the statutory written notice of their claims under the statute.

The plaintiffs responded by arguing that although they did sue Nationwide before sending the statutory written notice, their demand letter, sent to Nationwide 46 days after the plaintiffs filed

---

[1] A second defendant, Jeffrey Roberts, has not been served. Nationwide stated in its notice of removal that this individual is actually named Jeff T. Roberts. (Docket Entry No. 1).

their petition, satisfied the notice requirement. (Docket Entry No. 6). Alternatively, the plaintiffs argue that the abatement period provided for in the Texas Insurance Code has lapsed. *(Id.)*.

Based on a careful review of the petition, the verified plea in abatement, the response, the reply, and the applicable law, this court grants the motion to abate because Mr. and Mrs. Nichols did not meet the Texas Insurance Code notice requirement. This case is stayed until 60 days after proper notice is provided. The reasons are explained below.

**I.     Background**

The Nicholses sued Nationwide on February 8, 2010 in Texas state court, alleging that Nationwide wrongfully denied their homeowners' insurance claims made after Hurricane Ike. (Docket Entry No. 1). The Nicholses asserted claims for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing. Nationwide timely removed on the basis of diversity jurisdiction on March 11, 2010. (Docket Entry No. 1). On March 26, 2010, the Nicholses sent Nationwide and Roberts a demand letter. (Docket Entry No. 6). Nationwide filed the verified plea in abatement on April 9, 2010. (Docket Entry No. 6).

**II.    The Applicable Legal Standard**

Section 541.154(a) of the Texas Insurance Code states that [a] person seeking damages in an action against another person under this chapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b). There is an exception to this requirement if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from

expiring. . . " TEX. INS. CODE § 541.154(c)(1). Finally, § 541.155 provides that a person who does not receive presuit notice may file a plea in abatement. "The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." TEX. INS. CODE § 541.155(a), (b).

The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[2] The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer. TEX. INS. CODE § 541.156; *see also In Re Behr*, 2006 Tex. App. LEXIS 1588 at *7 (Tex. App. San Antonio Mar. 1 2006) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156-.159 of the Insurance Code"). If a plaintiff fails to comply with the notice requirement, "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Id*. The Supreme Court of Texas has held that "if a plaintiff files an action for damages . . . without first giving the required notice, and a defendant timely requests an abatement, the trial court must abate the proceedings for 60 days." *Id*.

The statutory written notice must advise the other party in reasonable detail of "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1), (2); *see*

---

[2] Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, 2005 WL 1586994 (W.D. Tex.) (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

*Richardson v. Foster & Sear, LLP*, 257 S.W.3d 782 (Tex. App.—Fort Worth 2008, no pet. h.) (finding that a six-page letter from the plaintiff stating the causes of action, specific factual allegations, and specific damages satisfied the presuit notice requirement).

**III. Analysis**

The plaintiffs' demand letter does not satisfy the notice requirement of Section 541.154(a) of the Texas Insurance Code. The plaintiffs filed their suit on February 8, 2010. They did not send Nationwide their demand letter until 46 days later. The Texas Insurance Code specifically states that written notice must be given to a defendant "not later than the 61st day *before* the date the action is filed." TEX. INS. CODE § 541.154(a) (emphasis added). The demand letter could not serve as the written notice required under § 541.154(a).

The Nicholses argue that even if they did not timely comply with the presuit written notice requirement, the issue is moot because the 60-day period following notice will expire on May 1, 2010. (Docket Entry No. 7 at 4). This argument is unpersuasive. May 1, 2010 has not yet arrived. And the Nicholses' demand letter was not only too late to satisfy the notice requirement of the Texas Insurance Code, its content was insufficient to trigger the 60-day abatement period. Sections 541.154(b)(1) and (b)(2) of the Texas Insurance Code require a party to provide basic information to the defendant in the written notice: the "specific complaint" and the amount of actual damages and expenses sought. TEX. INS. CODE § 541.154(b)(1), (b)(2). Texas courts interpreting the statute have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement. *See Richardson v. Foster & Sear LLP*, 257 S.W.3d 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.) (holding that the plaintiff's four-paragraph notice

letter satisfied the notice requirement of the DTPA, even though the allegations were general and the court had to imply the specific facts supporting the cause of action). The Nicholses' March 26, 2010 notice letter to Nationwide contains no factual information about the cause of action. (Docket Entry No. 7, Ex. A). The letter is very general. It states that the Nicholses did not receive full payment under the insurance policy and that Nationwide and its adjuster, Roberts, were liable for "[m]isrepresenting and/or failing to discuss with Mr. and Mrs. Nichols pertinent facts or policy provisions relating to coverage as an issue"; for "[f]ailing to acknowledge with reasonable promptness, pertinent communications with respect to the claim arising under its policy"; "[f]ailing to adopt reasonable standards for prompt investigation of the claim arising under its policy"; "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlement of the claim submitted in which liability has become reasonably clear"; "[f]ailing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law for denial of the claim or for the offer of a compromise settlement"; "[f]ailing to affirm or deny coverage of claim to a policyholder within a reasonable time after proof of loss statements have been completed"; and "[r]efusing to pay the claims without conducting a reasonable investigation based upon all available information." (*Id.*). The letter parroted the Texas Insurance Code violations. Although it did identify the damages sought – $315,994.00 in economic damages, $50,000 in mental anguish damages, and $126,397.00 in expenses and attorneys' fees – the letter did not identify the basis for those damages. The letter was not sufficient notice under Section 541.154(b) of the Texas Insurance Code and did not trigger the 60-day abatement period.[3]

---

[3] This court reached the same result with respect to a nearly identical letter from the same law firm in *Boone v. Safeco Insurance Company*, No. H-09-1613 (S.D. Tex. Sept. 22, 2009). Although the Nicholses' letter contained slightly more information than the letter in the *Boone* case because it stated certain categories of damage to the Nicholses' home, it still fails to provide anything more than *general*

Section 541.155(a) of the Texas Insurance Code states that a party to a pending action who does not receive proper presuit notice "may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending." TEX. INS. CODE § 541.155(a). Nationwide requested an abatement on April 9, 2010, fewer than 30 days after filing its answer in state court on March 11, 2010.

**IV.     Conclusion**

The plea in abatement is granted. This case is stayed until 60 days after the Nicholses provide Nationwide with proper written notice under the Texas Insurance Code.

SIGNED on April 20, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

information.